Valentin **SOSKIN, Bei Dei Howe, Eva Rosenthal, Vatchagan Tatevosian, Ginda K. Gelfand, Yakov Gelfand, Dubale Shibeshi, and Sarin Perlman, on their own Behalf and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**Karen REINERTSON, in Her Official Capacity as Executive Director of the Colorado Department of Health Care Policy and Financing, Defendant.**

**No. CIV.03 RB 529 BNB.**

United States District Court, D. Colorado.

April 1, 2003.

---

Mark Silverstein, Denver, CO, Gregory R. Piche, Holland & Hart, LLP, Denver, CO, for plaintiffs.

Ilene I. Wolf, Wheat Ridge, CO, Ann Hause, Denver, CO, for defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

BLACKBURN, District Judge.

This matter is before me on the plaintiffs' Motion for Temporary Restraining Order [# 2], filed March 28, 2003. The defendants have filed a response to the motion. I have carefully reviewed the plaintiffs' motion and the defendant's response. I find that a hearing is not necessary.

■ This case involves a dispute over the termination of Medicaid benefits upon the implementation on April 1, 2003, of Colorado Senate Bill 03–176 (SB 03–176) as codified at § 26–4–301, C.R.S. (2003). The bill became effective on March 5, 2003. The bill will appeal Colorado's optional coverage of legal immigrants in the Medicaid program. That is, aliens who are part of a optional Medicaid group designated by 8 U.S.C. § 1612(b)(2) will no longer be eligible for Medicaid coverage upon implementation of SB 03–176. However, aliens who are part of a mandatory Medicaid group designated by 8 U.S.C. § 1612(b)(2) will continue to be eligible for Medicaid coverage upon implementation of SB 03–176.

In their complaint, the plaintiffs claim that upon the implementation of SB 03–176, the defendant will deny or terminate Medicaid benefits to plaintiffs solely on the basis of their alienage status in violation of their equal protection rights under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Plaintiffs claim that the defendant's failure to review the eligibility of plaintiffs and members of the class of other categories of Medicaid prior to terminating their Medicaid benefits violates 42 U.S.C. § 1396a(a)(8), implementing regulations 42 C.F.R. § 435.930, and the due process clause of the Fourteenth Amendment of the United States Constitution. Further, plaintiffs claim that the defendant's alleged failure to provide timely and adequate notice before terminating the Medicaid benefits of the plaintiffs and plaintiff class members violates 42 U.S.C. § 1396a(a)(3), implementing regulations 42 C.F.R. § 431.200 *et. seq.,* and the due process clause of the Fourteenth Amendment of

the United States Constitution. Finally, plaintiffs claim that defendant's alleged failure to grant plaintiffs and plaintiff class members an opportunity for a pre-termination administrative hearing violates 42 U.S.C. § 1396a(a)(3), implementing regulation 42 C.F.R. § 431.200 *et. seq.,* and the due process clause of the Fourteenth Amendment of the United States Constitution.

■ A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order must show as follows:

1. a substantial likelihood that the movant eventually will prevail on the merits;

2. that the movant will suffer irreparable injury unless the injunction issues;

3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

4. that the temporary restraining order, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

A party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. Fed. R. Civ. Pro. 65(b).

Having carefully reviewed the plaintiffs' motion and the defendant's response, I find that the four factors apposite to a temporary restraining order analysis weigh more heavily in favor of the plaintiffs. Plaintiffs, therefore, are entitled to the temporary restraining order they seek.

### Conclusion

**THEREFORE IT IS ORDERED** as follows:

1. That the plaintiffs' Motion for Temporary Restraining Order [# 2], filed March 28, 2003, **IS GRANTED** with respect to plaintiffs' request for a temporary restraining order;

2. That effective forthwith defendant **IS ENJOINED AND RESTRAINED** from enforcing or implementing Colorado Senate Bill 03–176 (SB 03–176) as codified at § 26–4–301, C.R.S. (2003);

3. That the court **SHALL CONDUCT** a hearing on plaintiff's application for preliminary injunction on April 11, 2003, commencing at 2:30 p.m., reserving the remainder of the day if necessary with the time to be divided equally between the parties; and

4. That, *inter alia,* the parties **SHALL BE PREPARED** to submit further argument supported by relevant authority about whether the strict scrutiny, intermediate scrutiny, or rational basis test applies to plaintiffs' equal protection analysis.